IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESZEK POWELKOWSKI, #Y31510,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00882-SMY |
| ) | |
| **VICKY WALKER,** ) | |
| **LYNN PITTMAN,** ) | |
| **DR. WILLIAMS,** ) | |
| **P.A. LUKING,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **and LORI CUNNINGHAM,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Leszek Powelkowski, an inmate in the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 25): Plaintiff was working in Dietary at Lawrence Correctional Center under Dietary Food Supervisor Vicky Walker. On August 23, 2020, Plaintiff told Walker that he was having serious pain in his left arm and hands. Walker placed Plaintiff on pots and pans detail, but because he could not perform the job, he was fired and written a ticket. After a disciplinary hearing, the ticket was expunged.

Plaintiff was seen by Dr. Pittman, Dr. Williams, and P.A. Luking and diagnosed with "severe bone joint arthritis." He requested a bone scan, MRI, and CT scan, but his requests were denied. His requests to be seen by an outside medical professional were also denied. Dr. Pittman, Dr. Williams, and P.A. Luking promised Plaintiff a MRI at Lawrence, but they have all quit working at that facility.

In May 2021, "they" continued to prescribe pain medication for Plaintiff, but it does not alleviate his pain. He cannot write or get a good night's sleep and has "very painful days." Plaintiff seeks monetary damages and injunctive relief (presumably at the close of the case).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Fourteenth Amendment due process claim against Walker for terminating Plaintiff's job in Dietary because he was physically unable to perform his assigned task due to a medical condition.
>
> Count 2: Eighth Amendment claim against Dr. Pittman, Dr. Williams, and P.A. Luking for exhibiting deliberate indifference to Plaintiff's pain, and arm/hand issues from "severe bone joint arthritis."

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Plaintiff names Lori Cunningham as a defendant but makes no allegations against her in the statement of claim. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of

the case against each individual.  Relatedly, to state a § 1983 claim, Plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation").  Absent allegations describing what Cunningham allegedly did or failed to do in violation of Plaintiff's constitutional rights, a claim against her cannot proceed.  She will be dismissed without prejudice for failure to state a claim.

Plaintiff also names Wexford Health Services, Inc. as a defendant.  He identifies Wexford as the employer of Dr. Pittman, Dr. Williams, and P.A. Luking and the medical contractor for IDOC.  Wexford cannot be held liable based solely on the conduct of its employees.  It may be held liable only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014).  The allegations in Plaintiff's Complaint do not suggest that Wexford maintained a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford.  It will be dismissed without prejudice.

## Discussion

### Count 1

It is unclear what claim Plaintiff seeks to make against Walker related to the termination of his job in Dietary.  An inmate does not have a constitutional right to employment in prison, *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), nor is there a constitutionally protected property or liberty interest in a prison job, *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000). To the extent he seeks to assert any other constitutional claim, he fails to set forth sufficient allegations under the *Twombly* pleading standard.  For these reasons, Count 1 fails to state a viable claim.

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Here, there are no allegations suggesting that Dr. Pittman, Dr. Williams, or P.A. Luking were deliberately indifferent to Plaintiff's medical condition or his medical needs. While Plaintiff alleges that he was seen by those medical providers and diagnosed with "severe bone joint arthritis," he does not claim they denied or delayed medical treatment or that they were responsible for denying his requests for diagnostic testing or to be seen by an outside medical professional.

Additionally, Plaintiff's allegation that "they" continued to prescribe pain medication in May 2021 that was ineffective fails to state a viable claim against any individual. He does not allege who prescribed the medication or whether that individual (or individuals) knew the medication was ineffective.

For these reasons, Plaintiff fails to state a viable deliberate indifference claim in Count 2 against Dr. Pittman, Dr. Williams, or P.A. Luking.

**Disposition**

Lori Cunningham and Wexford Health Sources, Inc. are **DISMISSED without prejudice** for failure to state a claim for relief and the Clerk of Court is **DIRECTED** to **TERMINATE** them as parties. Additionally, Counts 1 and 2 fail to state a claim for relief and therefore, the Complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **January 3, 2022**. The First Amended Complaint will be subject to review under

28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 21-882).** Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form and a copy of his Complaint (Docs. 1, 25).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should attach any exhibits that he wishes to submit with the First Amended Complaint.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The

dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 30, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
