### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LESZEK PAWELKOWSKI, #Y31510,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:21-cv-00882-SMY** |
| | ) | |
| **VICKI WALKER,**[1] | ) | |
| **LYNN PITTMAN,** | ) | |
| **DR. WILLIAMS,** | ) | |
| **P.A. LUKING,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.** | ) | |
| **and LORI CUNNINGHAM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Leszek Pawelkowski, an inmate in the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Lawrence Correctional Center. The Complaint was dismissed without prejudice following preliminary review under 28 U.S.C. § 1915A (Doc. 27).

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 28). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 28):

---

[1] Plaintiff spells Ms. Walker's name as both "Vicki" and "Vicky" in the First Amended Complaint.

While working in dietary at Lawrence on August 20, 2020,[2] Plaintiff notified Supervisor Vicki Walker that he was having pain in his left arm and hand. Walker refused to send Plaintiff to the healthcare unit and, instead, assigned him to the dish room. When he could not perform the task assigned to him, Walker wrote a false disciplinary ticket and fired him.

Plaintiff was subsequently seen by Dr. Pittman, but she only prescribed pain medication and did not order any diagnostic testing for his "severe bone joint arthritis." Although Dr. Pittman knew he needed to be sent to an outside hospital for further testing and evaluation, she took no further action.

Plaintiff saw P.A. Luking for his condition in May 2021. She stated she would put in the necessary paperwork for a MRI but failed to do so. Plaintiff subsequently saw Dr. Williams and told him the pain medication was not helping. He was unable to write, properly clean himself, or "get a whole night's sleep." Dr. Williams increased the medication but refused to submit Plaintiff for any further testing.

Lori Cunningham, the Healthcare Director at Lawrence, was made aware of Plaintiff's medical needs. Cunningham knew that Plaintiff needed treatment that could not be provided at Lawrence. However, neither Cunningham nor anyone on her staff submitted Plaintiff for additional testing or treatment for his "severe bone joint arthritis."

Wexford Health Sources, Inc. has a common practice of not allowing inmates to receive special testing from outside medical providers. This practice deprived Plaintiff of necessary medical treatment.

Based on the allegations in the First Amended Complaint, the Court designates the

---

[2] In the statement of claim, Plaintiff alleges an occurrence on August 23, 2020 (Doc. 28, p. 12-13). However, documents attached to the First Amended Complaint, including a grievance, state this incident occurred on August 20, 2020 (*Id.*, pp. 23, 39-40).

following claims in this *pro se* action:[3]

Count 1:    Eighth Amendment claim against Dr. Pittman, Dr. Williams, P.A. Luking, and Cunningham for exhibiting deliberate indifference to Plaintiff's arm/hand issues and pain.

Count 2:    Eighth Amendment claim against Wexford for its unconstitutional policy, practice, or custom of not allowing inmates to receive special testing from outside medical providers which resulted in a denial of constitutionally adequate medical treatment for Plaintiff's arm/hand issues and pain.

Count 3:    Eighth Amendment claim against Walker for denying Plaintiff access to medical care on August 20, 2020 and requiring him to continue working while in pain.

Count 4:    First Amendment retaliation claim against Walker for denying Plaintiff access to medical care on August 20, 2020, requiring him to continue working while in pain, issuing Plaintiff a false disciplinary report, and firing Plaintiff when he was unable to perform his assigned task due to a medical condition.

Count 5:    Fourteenth Amendment claim against Walker for issuing Plaintiff a false disciplinary report and firing Plaintiff when he was unable to perform his assigned task due to a medical condition.

Count 6:    Americans with Disabilities Act, Rehabilitation Act, and/or Fourteenth Amendment claim against Walker for terminating Plaintiff's prison employment.

## Discussion

### Counts 1, 2, and 3

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the

---

[3] Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the First Amended Complaint are sufficient to proceed on the deliberate indifference claim in Count 1 against Dr. Pittman, Dr. Williams, P.A. Luking, and Cunningham and in Count 3 against Walker. Plaintiff may also proceed on the claim in Count 2 against Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

**Count 4**

To state a retaliation claim under the First Amendment, a prisoner must allege that he engaged in a constitutionally protected activity and that prison officials took adverse action against him because he engaged in the protected activity. *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Although Plaintiff alleges Walker issued him a disciplinary ticket and fired him in retaliation, he has not identified an incident of protected speech or activity. Therefore, Count 4 will be dismissed.

**Count 5**

The issuance of a false disciplinary ticket is not a violation of the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). There are no allegations in the First Amended Complaint as to whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermone v. Burch*, 494 U.S. 113, 125 (1990). Further, there is an attachment to the First Amended Complaint that shows a disciplinary ticket issued on August 20, 2020, by Vicky Walker in dietary was expunged after a hearing on the matter (Doc. 28, p. 40). Because Plaintiff has not pled a viable Fourteenth Amendment claim based on the issuance of the false disciplinary

ticket, Count 5 will be dismissed.

### Count 6

A prisoner does not have a constitutional right to employment in prison, *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), nor is there a constitutionally protected property or liberty interest in a prison job, *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000). As such, there is not a viable constitutional claim regarding the termination of Plaintiff's prison job. Nor is there a claim under the Americans with Disabilities Act or the Rehabilitation Act. *See Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 519 (7th Cir. 2018). For these reasons, Count 6 will be dismissed.

### <u>Motion for Appointment of Counsel</u>

Plaintiff has filed a third Motion for Recruitment of Counsel (Doc. 35), which is **DENIED** at this time without prejudice. Plaintiff's previous motion was denied because he has not submitted evidence establishing that he is indigent (Doc. 34). The instant motion likewise does not demonstrate Plaintiff's indigency. Moreover, he now seeks counsel to assist him in preparing a complaint that will survive merits review, but appointment of counsel for this purpose is not necessary because the First Amended Complaint survives review as set forth herein. Finally, recruitment of counsel at this early stage of the case is premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged.").

If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he must submit documentation to show that he cannot afford to hire counsel, and he should submit rejection letters from at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

**Disposition**

Count 1 will proceed against Dr. Pittman, Dr. Williams, P.A. Luking, and Cunningham; Count 2 will proceed against Wexford; and Count 3 will proceed against Walker.  Counts 4, 5, and 6 are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Dr. Pittman, Dr. Williams, Luking, Cunningham, Wexford, and Walker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 28), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes

the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 10, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S.  District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your First Amended Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**

8