IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESZEK PAWELKOWSKI, #Y31510,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00882-SMY |
| ) | |
| **LYNN PITTMAN,** ) | |
| **DR. WILLIAMS,** ) | |
| **CARISSA LUKING,** [1] ) | |
| **WEXFORD HEALTH SOURCES, INC.** ) | |
| **and LORI CUNNINGHAM,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendants Dr. Lynn Pittman, Carissa Luking, and Wexford Health Sources, Inc., pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 48). Plaintiff responded in opposition (Doc. 57). For the following reasons, the motion is **DENIED**.

## BACKGROUND

Plaintiff Leszek Pawelkowski, a state prisoner, filed this *pro se* action on August 3, 2021 (Doc. 1). His original Complaint was dismissed pursuant to 28 U.S.C. § 1915A (Doc. 27), and he filed his First Amended Complaint on December 9, 2021 (Doc. 28). Plaintiff alleges that Defendants were deliberately indifferent to his painful left arm and hand condition, which he describes as "severe bone joint arthritis," beginning in August 2020 through at least May 2021.

Upon initial merits review of the First Amended Complaint, the Court allowed Plaintiff to

---

[1] Defendant Carissa Luking (see Doc. 48) is listed on the docket sheet as "Nurse Luking." The Clerk of Court will be directed to correct her name on the docket.

1

proceed on the following claims:

> Count 1: Eighth Amendment claim against Dr. Pittman, Dr. Williams, P.A. Luking, and Cunningham for exhibiting deliberate indifference to Plaintiff's arm/hand issues and pain.
>
> Count 2: Eighth Amendment claim against Wexford for its unconstitutional policy, practice, or custom of not allowing inmates to receive special testing from outside medical providers which resulted in a denial of constitutionally adequate medical treatment for Plaintiff's arm/hand issues and pain.

(Doc. 36, pp. 3-4, 6).[2]

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). A motion to dismiss under Rule 12(b)(6) challenges the adequacy of the complaint allegations to state viable claims. *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 736 (7th Cir. 2014). To survive such a motion, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co*., 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). In reviewing a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See,*

---

[2] Count 3 against Defendant Walker was also allowed to proceed but was later dismissed when service could not be accomplished on Walker (Doc. 67).

*e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

Pursuant to the Prison Litigation Reform Act ("PLRA"), cases filed by prisoners must undergo an initial merits screening by the Court before the action may proceed. 28 U.S.C. § 1915A(a). Any portion of a complaint that fails to state a claim upon which relief may be granted must be dismissed at this review. 28 U.S.C. § 1915A(b)(1). Applying this standard, the Court determined that Plaintiff's factual allegations were sufficient for him to proceed on the deliberate indifference claims designated as Counts 1 and 2 (Doc. 36).

Defendants acknowledge that Plaintiff's allegations against Dr. Pittman are sufficient to survive PLRA screening, but still argue that they are somehow insufficient to support a claim of deliberate indifference. But courts apply the same standard under § 1915A as they do when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Both standards require a complaint to include enough facts to state a claim for relief that is plausible on its face and to state sufficient facts to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Twombly*, 550 U.S. at 555. As such, the instant motion is essentially a request for the Court to reconsider the threshold merits Order which allowed Counts 1 and 2 to proceed for further consideration. *See Williams v. Luking*, No. 3:21-cv-00448-GCS, 2022 WL 1692430, at *3-4 (S.D. Ill. May 26, 2022) (concluding that a § 1915A screening forecloses a motion to dismiss pursuant to Rule 12(b)(6) as a successive and *de novo* review of the legal sufficiency of a complaint and treating such a motion

3

as one for reconsideration).

The Court adopts the analysis set forth in *Williams v. Luking*. Specifically, for movants to prevail on a motion for reconsideration, they must meet either the standard set forth in Federal Rule of Civil Procedure 59(e)[3] or in Rule 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (reconsideration motions are analyzed under either Rule 59(e) or Rule 60(b)). Rule 59(e) permits a court to alter or amend an order if the movant demonstrates a manifest error of law or facts by the Court or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits relief from judgment for such reasons as mistake, surprise or excusable neglect of the movant; fraud or misconduct of the opposing party; a judgment that is void or discharged; newly discovered evidence; or "any other reason that justifies relief."

The instant motion does not meet the standards for reconsideration under either Rule 59(e) or 60(b). Because no manifest error of law or fact is apparent in the Court's merits review Order, relief under Rule 59(e) is not available. The Court concluded that Plaintiff's factual allegations are sufficient to state a claim, and there is nothing in the record as this point to establish conclusively that he cannot prove facts that would entitle him to relief. To be sure, Plaintiff must eventually develop factual support sufficient to withstand summary judgment – but that is a matter for another day.

Turning to Rule 60(b), none of the enumerated subsections apply in this instance, and the Court finds that the "catchall" provision of Rule 60(b)(6), "any other reason that justifies relief," is not applicable. Despite its broad language, a reprieve from an order or judgment under this

---

[3] Rule 59(e) also requires a motion to be filed within 28 days of the entry of the challenged order or judgment. The instant motion was not filed within that deadline, nevertheless, the Court will address the applicability of this standard.

4

section "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010).

In sum, Defendants have provided no basis for reconsideration – the relief they now seek via a "judgment on the pleadings." Therefore, the Court's findings on merit review regarding the sufficiency of Plaintiff's complaint allegations against these defendants remain unchanged.

## CONCLUSION

The Motion for Judgment on the Pleadings filed by Defendants Pittman, Luking, and Wexford (Doc. 48) is **DENIED**. These Defendants shall file their Answers to the First Amended Complaint within 14 days of the date of this Order. FED. R. CIV. P. 12(a)(4)(A).

The Clerk of Court is **DIRECTED** to correct Carissa Luking's name on the docket in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:  August 17, 2023**

*s/ Staci M. Yandle*
STACI M. YANDLE
U. S. District Judge

5